# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WHIRLPOOL CORPORATION,<br><br>*Plaintiff*,<br>v.<br><br>GLOBAL PURIFICATION, LLC,<br><br>*Defendant*. | Civil Action No. 2:16-cv-463-JRG |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Whirlpool Corporation's Motion for Entry of Default Judgment and Permanent Injunction and Attorney Fees (Dkt. No. 8 ("Motion")). Having fully considered the arguments in the Motion, as well as the evidence presented by Plaintiff, the Court finds that this Motion should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**.

### I. Background and Procedural Requirements

Plaintiff filed its Complaint against Global Purification, LLC ("Defendant") on May 2, 2016. (Dkt. No. 1.) Plaintiff alleges that Defendant sells throughout the United States replacement water filters for refrigerators through online retail outlets such as Amazon. (Compl. ¶¶ 4–5.) The Complaint further alleges that these replacement water filters infringe claims of United States Patent No. 7,000,894 ("the '894 Patent"), which is owned by Whirlpool Corporation ("Whirlpool"). (Compl. ¶¶ 5, 6, 11.) Specifically, Plaintiff alleges that Defendant sells filters

bearing Model Nos. RFC0800A and RFC1700A that infringe at least claims 1 and 4 of the '894 Patent. (Compl. ¶¶ 5, 15.)

A copy of the Summons and Complaint was delivered to Defendant on May 9, 2016. (Dkt. No. 5; Motion at 5.) Nonetheless, Defendant has not answered or appeared in this case. On July 7, 2016, the Clerk administratively entered default against Defendant. (Dkt. No. 7.) Subsequently, on September 27, 2016, Plaintiff filed this Motion for Entry of Default Judgment and Permanent Injunction and Attorney Fees. (Dkt. No. 8.) The Court held a hearing regarding Plaintiff's Motion on November 7, 2016.

**II. Legal Standard**

Federal Rule of Civil Procedure 55 governs the procedural requirements related to the entry of default and default judgment. Although default judgments are generally disfavored, the policy against default judgments is "counterbalanced by considerations of social goals, justice and expediency, a weighing process that lies largely within the domain of the trial judge's discretion." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *In re Chinese–Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014)). A default judgment becomes appropriate "when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact . . . and is barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, a defaulting defendant "is not held to

2

admit facts that are not well-pleaded or to admit conclusions of law." *Wooten*, 788 F.3d at 496 (quoting *Nishimatsu Const. Co.*, 515 F.2d at 1206). Thus, mere default by a defendant does not necessarily warrant a default judgment, as a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Const. Co.*, 515 F.2d at 1206. Instead, a plaintiff's complaint must supply "an adequate foundation" for the default judgment. *Wooten*, 788 F.3d at 497. To determine whether a complaint is "well-pleaded" in the default judgment context such that it serves as a sufficient foundation for a default judgment, the complaint must provide the defendant with "fair notice" of the claim. *Wooten*, 788 F.3d at 498–99. However, the allegations in the complaint need not be sufficient to survive a motion to dismiss under Rule 12. *Wooten*, 788 F.3d at 498 n.3 ("[A] defendant ordinarily must invoke Rule 12 in order to avail itself of that rule's protections. . . . Accordingly, as a default is the product of a defendant's *inaction*, we decline to import Rule 12 standards into the default-judgment context.").

When determining whether to grant a motion for default judgment, courts in this Circuit consider relevant factors, including "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Finally, before entering default judgment, a court should evaluate whether it has jurisdiction over the parties to the case as well as the subject matter of the case. *See Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) ("[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court

3

has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.") (quoting *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1203 (10th Cir.1986)).

### III. Jurisdictional Analysis

As to subject matter jurisdiction, this Court clearly has jurisdiction over civil actions regarding patent infringement. 28 U.S.C. § 1338 (2012).

This Court also has personal jurisdiction over the parties to this suit. According to Plaintiff's Complaint, Defendant is a limited liability company organized and existing under Texas law. (Comp. ¶ 2.) The file number for such entity issued by the Texas Secretary of State is 0802247622, and it maintains its principal place of business in Cypress, Texas. (Compl. ¶ 2.) As such, because Defendant is at home in Texas, Defendant is subject to general jurisdiction in Texas.

### IV. Default Judgment Analysis

Default judgment against Defendant is appropriate in this case. Plaintiff, in its Complaint, alleges sufficient facts to provide Defendant with "fair notice" of the claim against it. *See Wooten*, 788 F.3d at 498–99 (noting that a complaint need only provide "fair notice" to be sufficient to support a default judgment). Plaintiff alleges that it owns the entire right, title, and interest in and to the '894 Patent (Compl. ¶ 11) and that Defendant sells replacement water filters that infringe at least claims 1 and 4 of that patent (Compl. ¶¶ 14–15). Plaintiff's complaint also names the model numbers of the accused products, and Exhibit B to the complaint includes pictures of those accused products, which indicate that the filters serve as replacements for Whirlpool products. (Compl. ¶ 15; Compl. Exhibit B.) Taken as true, the well-pleaded facts alleged in the Complaint suffice to give Defendant "fair notice" of the claim against it.

Accordingly, the Court finds it appropriate to enter default judgment against Defendant. First, no material issues of fact are at issue in this case because the well-pleaded allegations regarding Defendant's liability are taken as true. *See Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992) ("Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default."). Second, as discussed above, the grounds for default judgment have been clearly established. Defendant received service, but did not make an appearance to defend against Plaintiff's allegations. Third, nothing in the current record indicates that Defendant's default was caused by a good faith mistake or excusable neglect. Fourth, Plaintiff has suffered substantial prejudice because Defendant's failure to appear has effectively halted the adversary process by which Plaintiff seeks to vindicate its patent rights. Fifth, any potential harshness of a default judgment against Defendant is mitigated by the fact that Plaintiff seeks only an injunction, rather than monetary damages for Defendant's infringement. Finally, the Court is not aware of any facts that would cause the Court to set aside a default judgment if Defendant so moved. Accordingly, when considering the relevant factors, the Court finds that Plaintiff's request for default judgment should be **GRANTED**.

## V. Relief Sought

Although Plaintiff's Complaint initially sought monetary damages (Compl. at 4), Plaintiff no longer seeks damages in this case. (Dkt. No. 8 at 3 n.1.) Instead, Plaintiff's Motion requests a permanent injunction, costs, and attorney fees. (Dkt. No. 8 at 17.)

### a. Injunctive Relief

The Patent Act provides that in cases of patent infringement a court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent,

on such terms as the court deems reasonable." 35 U.S.C. § 283 (2012). To obtain injunctive relief, Plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiff has proffered evidence through declarations and through live testimony presented at the hearing on November 7, 2016. (Transcript, Dkt. No. 10.) Having considered such evidence, the Court finds that Plaintiff has satisfied its burden under the four-factor *eBay* test. As to the first factor, Plaintiff will suffer irreparable harm if a permanent injunction does not issue in this case. "Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm." *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012). The Whirlpool filters that the infringing filters are intended to replace make up about 50 percent of Whirlpool's water filter sales. (Transcript at 9:8–12.) Plaintiff has suffered a 14.5% decline in sales of Whirlpool Filters 1–3 between 2014 and 2015, a decline which coincided with Whirlpool's becoming aware of the presence of lower cost copycat filters available online. (Decl. of Brett Dibkey, Dkt. 8-1, App. 60, ¶ 15–16.) Plaintiff has also suffered price erosion due to Defendant's sales of the infringing filters at a substantially lower price point. Such price erosion has caused Plaintiff's trade partners to "express[] concern to Whirlpool about the economic benefit of continuing to sell genuine filters, such as the Whirlpool Filters, when cheaper, copycat products are so readily-available." (Decl. of Brett Dibkey, Dkt. 8-1, App. 61, ¶ 19.) These lower prices have "force[d] Whirlpool to decide between a reduction in its prices or a continued

loss of sales and market share." (Decl. of Brett Dibkey, Dkt. 8-1, App. 61, ¶ 17.) Allowing Defendant to continue selling the infringing products would effectively force Plaintiff to compete against a direct competitor despite that competitor's infringement of Plaintiff's patents. This is the type of irreparable harm that, when considered along with the other *eBay* factors, warrants a permanent injunction.

As to the second *eBay* factor, the Court finds that remedies available at law are inadequate to compensate for the injury suffered by Plaintiff. Despite being served with Plaintiff's Complaint, Defendant failed to make an appearance in this case. According to Plaintiff's counsel, Defendant has continued to sell water filters that infringe Whirlpool's patents. (Transcript at 32:4–9.) *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1155 (Fed. Cir. 2011) (finding a permanent injunction appropriate when there was "no reason to believe that [defendant] will stop infringing, or that the irreparable harms resulting from its infringement will otherwise cease, absent an injunction"). Moreover, Plaintiff has presented evidence that it has received complaints from customers regarding defective refrigerator water filters where such filters were not made by Whirlpool. (Transcript at 11:10–26:25.) As seen in Exhibits 2 and 4, submitted during the hearing, Plaintiff has received complaints from customers who had purchased one of the models accused of infringement in this case—model RFC0800A. (Transcript at 11:23–16:25.) These complaints to Whirlpool from customers who purchased non-Whirlpool filters represent misplaced and unwarranted customer dissatisfaction with Whirlpool. This type of reputational harm cannot be remedied by monetary damages. Finally, as discussed above, Plaintiff has suffered loss of market share, price erosion, and an inability to exclude others from practicing its patents. These are harms money damages cannot remedy in this case. Also, money damages would not adequately

7

compensate Plaintiff because, due to Defendant's failure to appear in this case, there is no indication as to whether Defendant could satisfy a money judgment if one were awarded. *See Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1369 (Fed. Cir. 2013) (noting that "an infringer's inability to pay a judgment . . . may demonstrate the inadequacy of damages").

The balance of hardships tips in Plaintiff's favor as well. As noted above, Plaintiff has suffered the irreparable injuries of loss of market share, price erosion, reputational harm, and the loss of the right to exclude as a result of Defendant's infringement. These injuries would continue if the Court does not issue a permanent injunction. Moreover, allowing Defendant's infringing conduct to continue could encourage others to begin or continue in the sale of infringing water filters. Although such an injunction could significantly impair and possibly destroy Defendant's business, that alone cannot justify denial of an injunction. *See Windsurfing Int'l Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986) ("[T]hat an injunction might therefore put [defendant] out of business, cannot justify denial of that injunction. One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected.").

Finally, the public interest would not be disserved by a permanent injunction against Defendant. To the contrary, a permanent injunction would serve the public interest in maintaining a strong patent system. *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 647 (Fed. Cir. 2015), cert. denied, 136 S. Ct. 2522 (2016) (noting that "the public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors, especially when the patentee practices his inventions"). As such, this factor also weighs in favor of issuing a permanent injunction in this case.

Having considered and weighed the relevant factors, the Court is of the opinion that Plaintiff's request for a permanent injunction against Defendant should be **GRANTED**.

### b. Attorney Fees

Under 35 U.S.C. § 285, the Court has discretion to award attorney fees and reasonable litigation expenses to a prevailing party in "exceptional" cases. An exceptional case is one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). District courts have discretion to consider the totality of the circumstances surrounding a particular case when determining whether to shift fees. *See id.* Since the decision in *Octane Fitness*, district courts have come to varying conclusions regarding awarding attorney fees in cases of default. *Compare High Tech Pet Prod., Inc. v. Shenzhen Jianfeng Elec. Pet Prod. Co.*, No. 6:14-CV-759-ORL-22TB, 2015 WL 926023, at *2 (M.D. Fla. Mar. 4, 2015) (finding a Lanham Act case "exceptional" and awarding fees in the default judgment context where there was a "significant disparity of the merits of the parties' respective positions" based on the Complaint) and *Ceiva Logic Inc. v. Frame Media Inc.*, No. SACV 08-00636-JVS, 2014 WL 7338840, at *4 (C.D. Cal. Dec. 19, 2014) (awarding attorney fees under 35 U.S.C. § 285 against a defaulting defendant where willful patent infringement was alleged in the Complaint), *with RCI TM Corp. v. R & R Venture Grp., LLC*, No. 6:13-CV-945-ORL-22, 2015 WL 668715, at *11 (M.D. Fla. Feb. 17, 2015) (holding that a Lanham Act case was not "exceptional" even though the Defendants willfully ignored demand letters and the Complaint).

Although Defendant, by defaulting, admits infringement, the Court nonetheless finds that based on the totality of the circumstances this is not an exceptional case, and an award of attorney fees is not appropriate. A defendant's mere failure to appear in a case does not warrant fee shifting. *See RCI TM Corp. v. R & R Venture Grp., LLC*, No. 6:13-CV-945-ORL-22, 2015 WL 668715, at *11 (M.D. Fla. Feb. 17, 2015) (holding that even though defendants acted willfully in ignoring demand letters and the Complaint, "making a conscious choice to default is not enough to take this case out of the run of the mill category"). Moreover, Plaintiff has not presented any additional evidence that would, in this Court's view, be adequate to raise this to the level of an "exceptional" case. As such, Plaintiff's request for attorney fees is **DENIED**.

### c. Costs

Pursuant to Fed. R. Civ. P. 54(d)(1), and 28 U.S.C. § 1920, a prevailing party is entitled to recover taxable costs. To be a prevailing party in patent litigation, "one must 'receive at least some relief on the merits,' which 'alters . . . the legal relationship of the parties.'" *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004) (quoting *Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003)). Under that definition, Plaintiff is a prevailing party. As such, Plaintiff's request for costs is **GRANTED** and Plaintiff is **ORDERED** to submit a bill of costs.

### VI. Conclusion

For the foregoing reasons, Plaintiff's Motion for Entry of Default Judgment and Permanent Injunction and Attorney Fees (Dkt. No. 8) is **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth herein. The Court will enter final judgment in due course and in a manner consistent with this opinion.

**So ORDERED and SIGNED this 15th day of May, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE